2009 SEP 25 AM 11:29

ROBERTO DIAZ,                           :
                                        :
              Petitioner,               :
                                        :
       vs.                              :          CIVIL ACTION NO.: CV208-156
                                        :
DEBRA HICKEY, Warden,                   :
                                        :
              Respondent.               :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Roberto Diaz, ("Petitioner"), who is currently incarcerated at the Federal Satellite Low in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Petitioner's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Petitioner was indicted on two counts: 1) conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846, and 2) conspiracy under 18 U.S.C. § 1956(h) to launder money, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(2)(A), and 1956(a)(2)(B)(i). (W.D. Tex., CR505-684, Doc. No. 3, pp. 1-3). Petitioner pled guilty to count two of the indictment in the United States District Court for the Western District of Texas and was sentenced to sixty months' imprisonment. (Id. at Doc. No. 36, pp. 1-2). Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District Court for

the Western District of Texas challenging his conviction. The court dismissed Petitioner's habeas petition for lack of jurisdiction. (W.D. Tex, CV508-606, Doc. No. 3).

In the instant petition, Petitioner contends that the Court should vacate his money laundering conviction because of the Supreme Court's interpretation of the mens rea requirement of 18 U.S.C. § 1956(a)(2)(B)(i) in Cuellar v. United States, ___ U.S. ___, 128 S.Ct. 1994 (2008). (Doc. No. 1, p. 4). Respondent asserts that Cuellar is not a retroactively applicable Supreme Court decision, and even if it were, Petitioner cannot show that he was convicted of a nonexistent offense.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a § 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Petitioner has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241—correctly acknowledging that his time to file a motion to vacate his sentence under 28 U.S.C. § 2255 has expired. (Doc. No. 1, p. 2). However, he asserts that the remedy afforded under § 2255 is inadequate or ineffective to challenge the legality of his detention because his petition is based upon a retroactively applicable Supreme Court decision. (Id. at p. 4).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Petitioner bases the claims set forth in his petition on the Supreme Court's decision in Cuellar. In Cuellar, the Supreme Court held that under 18 U.S.C. § 1956(a)(2)(B)(i), "a conviction . . . requires proof that the purpose—not merely the effect—of the transportation was to conceal or disguise a listed attribute." Cuellar, ___ U.S. at ___, 128 S. Ct at 2005. Petitioner claims that "the evidence introduced by the government was not sufficient to permit a reasonable jury to [conclude] beyond a reasonable doubt," that his transportation was designed to conceal or disguise the nature, location, source, ownership, or control of the funds he was transporting. (Doc. No. 1, p. 3).

The statute addressed in Cuellar is only one of three statutes that Petitioner pled guilty to conspiring to commit. Petitioner does not challenge his culpability under 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(2)(A), though the stipulation in his plea agreement acknowledges the violation of those two statutes. (W.D. Tex., CR505-684, Doc. No. 3, p. 1-3). Because Cuellar's holding only applied to one of the statutes that Petitioner pled guilty to, Petitioner cannot demonstrate that he was convicted of a nonexistent offense. Petitioner pled guilty to conspiring to violate three statutes, and

even if <u>Cuellar</u> applied, he still would have been guilty of conspiracy to violate the other two statutes. Accordingly, Petitioner has not satisfied the requirements of § 2255's savings clause. <u>See</u> <u>Wofford</u>, 177 F.3d at 1244; <u>see</u> <u>also</u> <u>Dean v. McFadden</u>, 133 Fed. Appx. 640, 642 (11th Cir. 2005) (noting that all three requirements of the <u>Wofford</u> test must be satisfied before section 2255's savings clause is satisfied).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 25ᵗʰ day of September, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE